**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MAC FUNDING CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: 08 CV 4179 |
| ASAP GRAPHICS, INC., and | ) | Judge Der-Yeghiayan |
| AMES FRIEDMAN, | ) | Magistrate Judge Keys |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff, MAC Funding Corporation ("MAC Funding"), submits this Memorandum in

Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.

**I.**

**PRELIMINARY STATEMENT**

In the instant motion, MAC Funding seeks to restrain and enjoin Defendants, ASAP

GRAPHICS, INC. ("ASAP") and AMES FRIEDMAN ("Friedman") from, among other things,

(1) using, moving, disposing of, harming or impairing the value of the Subject Equipment and

ASAP Assets (each as defined herein) identified in the Lease and Security Agreements (each as

defined herein) between MAC Funding and ASAP; (2) in any way interfering with MAC

Funding's entry upon the premises where the Subject Equipment and ASAP Assets are located,

and allowing the recovery and repossession of them; and (3) directing Defendants to

immediately assemble and make available the Subject Equipment and ASAP Assets for

repossession.   This litigation arises from ASAP's default under the Lease and Security Agreements, and its failure to return the Subject Equipment and ASAP Assets.

## II.

## FACTS

A.    **The Equipment Lease Agreement and Security Agreements.**

On or about December 9, 2003, ASAP entered into an equipment lease agreement with MAC Funding for the lease (the "Lease") of one (1) Mitsubishi Diamond 3000S-6 Six (6) Color Sheetfed Printing Press, together with all auxiliary equipment (collectively, the "Subject Equipment").  Furthermore, on or about December 9, 2003 and June 18, 2007, ASAP and MAC Funding entered into blanket Security Agreements (the "Security Agreements") whereby ASAP granted to MAC Funding security interests in all of the assets of ASAP including, but not limited to, cash, accounts receivable, personal property, machinery, books and records, and instruments (collectively, the "ASAP Assets").

B.    **Defendant ASAP's Default and Plaintiff's Demand For Payment.**

ASAP subsequently defaulted on the Lease and Security Agreements, having failed to make the required payments, which prompted MAC Funding to make demand for full payment of the balance.  Notwithstanding the demand for payment and return of the Subject Equipment and ASAP Assets, the Defendants made no further payments, and the Subject Equipment and ASAP Assets have not been returned.  The amount due and owing on the Lease and Security Agreements, after acceleration, totals as of July 7, 2008 approximately $1,807,738.65, not including attorneys' fees and certain other charges.

2

**C.**    **Impairment of Collateral.**

On information and belief, ASAP continues to use the Subject Equipment and ASAP Assets. The Subject Equipment and ASAP Assets continue to depreciate in value, substantially impairing MAC Funding's interest in such equipment and assets. (See Declaration of Mr. Dennis Dessilla attached hereto as Exhibit "A"). Furthermore, ASAP has failed to return the Subject Equipment and ASAP Assets to MAC Funding. (See Declaration of Mr. Hidekazu Kotegawa attached hereto as Exhibit "B").

**III.**

**ARGUMENT**

**A.**    **Plaintiff Is Entitled To A Preliminary Injunction Ordering the Subject Equipment's and ASAP Assets' Immediate Return.**

In ruling upon a motion for preliminary injunction, the court will consider (1) whether the movant has an adequate remedy at law or will suffer irreparable injury if the preliminary injunction is denied; (2) whether harm to the movant outweighs the harm to the opposing party if the preliminary injunction is granted; (3) whether the movant has a reasonable likelihood of success on the merits; and (4) whether the preliminary injunction is in the public interest. *Roland Machinery Co. v. Dresser Industries, Inc.*, 749 F.2d 380 (7th Cir. 1984). Considering each of the above factors, MAC Funding is entitled to temporary and permanent injunctive relief for the reasons set forth below.

**B.**    **Likelihood of Success On The Merits.**

Plaintiff MAC Funding has a reasonable likelihood of success on the merits. The operative facts supporting the grant of a preliminary injunction in this case are as follows:

1.      Paragraph 16 of the Lease provides that ASAP shall be in default if it fails to pay when due any rent or other amount due under such Lease and Paragraph 3.1 of each of the Security Agreements provide that ASAP shall be in default under the Security Agreements if it fails to pay any indebtedness when due or fails to perform any duty or obligation required to be performed by ASAP under the Security Agreements or the terms of any other agreement between MAC Funding and ASAP.

2.      Paragraph 17 of the Lease and Paragraph 3.3 of each of the Security Agreements provide that, upon default by ASAP, MAC Funding may declare all sums due and to become due immediately due and payable.

3.      Paragraph 17 of the Lease and Paragraph 3.3 of each of the Security Agreements provide that, upon ASAP's default, MAC Funding will have the right to, inter alia, enter into any premises and repossess the Equipment and ASAP Assets.

4.      ASAP is in default as to the Lease and Security Agreements as a result of nonpayment of rent.  Therefore, Plaintiff MAC Funding is entitled to all remedies available to it under the Lease and Security Agreements and the Uniform Commercial Code, including full payment of the balance on the Lease and Security Agreements, as well as immediate repossession of the Subject Equipment and the ASAP Assets.

5.      ASAP has been using the Subject Equipment and ASAP Assets without ASAP making payments under the Lease and Security Agreements.  The Subject Equipment and ASAP Assets continue to depreciate in value.

4

C.    **Plaintiff Will Suffer Irreparable Harm and Has No Adequate Remedy At Law.**

The foregoing facts establish that MAC Funding not only has a reasonable likelihood of success on the merits, but also will suffer irreparable harm if ASAP is not restrained and enjoined from using, moving, transferring, disposing of, harming or impairing the value of the Subject Equipment and ASAP Assets.  Due to the financial condition of ASAP in that it has not paid debts when due, and has not returned the Subject Equipment and ASAP Assets, MAC Funding does not have an adequate remedy at law and is not likely to fully recover on any claim at law, as ASAP may become, or is currently, insolvent before a final judgment can be entered and collected.  Thus, any remedy at law for money damages and any remedy under replevin are inadequate.  *See **Roland Machinery Company v. Dresser Industries, Inc.**, 749 F.2d 380, 386 (7th Cir. 1984); **see also, MGL Corporation v. Unicom AP Chemical Corporation**, 2001 WL 204729 (Bankr. E.D. Pa.); **Hemsbach v. Quik Pac Corp.**, 1998 U.S. Dist. LEXIS 8711 (E.D. Pa. June 15, 1998); **Teradyne, Inc. v. Mostek Corp.**, 797 F.2d 43, 51 (1st Cir. 1986).*

This Court has authority to grant mandatory injunctive relief to require ASAP to assemble and make available the Subject Equipment and ASAP Assets, as required by the Lease and Security Agreements, and such relief is particularly appropriate when MAC Funding has no adequate remedy at law, and the remedy of replevin is not practical.  *See **Clark Equipment Co. v. Armstrong Equipment Co.**, 431 F.2d 54 (5th Cir. 1970).*

D.    **The Balance of Harms Favors Plaintiff.**

While the denial of injunctive relief would inflict severe irreparable harm on MAC Funding, as demonstrated here, granting such relief would inflict little or no irreparable harm on

ASAP because, pursuant to the Lease and Security Agreements, ASAP is not entitled to possession or control over the Subject Equipment or ASAP Assets where it is in default, failed to pay for the Subject Equipment, and continues to use and devalue the Subject Equipment and ASAP Assets.

**E.**      **The Public Interest Will Not Be Disserved.**

MAC Funding asserts that, because this is a private commercial dispute between two commercial entities, the granting of the preliminary injunction will not disserve the public interest.

Accordingly, after consideration of each of the four factors above, it is clear that MAC Funding is entitled to the requested injunctive relief.

**F.**      **Plaintiff is Also Entitled to Temporary Injunctive Relief Restraining the Use, Disposition of, or Harm to, the Subject Equipment and ASAP Assets.**

Finally, prior to entry of a preliminary injunction, MAC Funding is also entitled to a temporary restraining order to preclude ASAP from transferring or otherwise disposing of the Subject Equipment and ASAP Assets pending a hearing on MAC Funding's Motion for Preliminary Injunction. *See **Businessland Rents, Inc. v. Brian Brothers**,* 1991 U.S. Dist. LEXIS 16874 at 12 1991 WL 249679 (November 13, 1991) (Judge I. Rovner). Accordingly, this Court can and should prevent ASAP from disposing, transferring or damaging the Subject Equipment and ASAP Assets, pending a hearing on MAC Funding's Motion for Preliminary Injunction.

## IV.

## <u>CONCLUSION</u>

For all of the foregoing reasons, MAC Funding respectfully requests the issuance of a temporary restraining order, as provided above, for a hearing on MAC Funding's Motion For Preliminary Injunction, and the granting of mandatory preliminary injunctive relief for repossession of the Subject Equipment and ASAP Assets.

Dated:  July 23, 2008

### MAC FUNDING CORPORATION

By:___/s/ Rein F. Krammer_____
                    One of Its Attorneys

Rein F. Krammer, Esq.
Masuda, Funai, Eifert & Mitchell, Ltd.
Attorneys for Plaintiff, MAC Funding Corporation
203 N. LaSalle Street, Suite 2500
Chicago, Illinois 60601-1262
(312) 245-7500
(312) 245-7467

RFK:cmp
N:\SYS08\6309\Lit\01090003.doc

7

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MAC FUNDING CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| ASAP GRAPHICS, INC., and | ) | |
| AMES FRIEDMAN, | ) | |
| Defendants. | ) | |

DECLARATION OF DENNIS DESSILLA
IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION

I, Dennis Dessilla, declare under penalty of perjury as follows:

1.    I am the Chief Financial Officer of MLP U.S.A., Inc., a Delaware Corporation ("MLP"), and have held such position for over 5 years.

2.    I have been involved in the printing sales business for over 5 years.

3.    I have been involved in the sale of hundreds of Mitsubishi brand presses, both new and used, in my over 5 years in the printing press sales business.

4.    I have reviewed the Complaint filed on behalf of MAC Funding Corporation ("MAC Funding") in the above-captioned cause, and I am familiar with the identity and type of the equipment leased to ASAP Graphics, Inc. ("ASAP") referenced therein (the "Equipment").

5.    Based upon (i) my over 5 years of experience in the printing press business, (ii) my personal involvement in and familiarity with the sale (and sale prices) of numerous used Mitsubishi presses and the resale of numerous repossessed Mitsubishi presses, and (iii) the information and knowledge I have obtained from the books and records of MLP, and other

information that I customarily rely upon in the normal course of my business as to the at-issue Equipment, it is my opinion that the at-issue Equipment has substantially depreciated in value and continues to substantially depreciate in value, since being first delivered to ASAP, by normal wear and tear, and normal depreciation that comes with use and the passing of time.

I declare under a penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dennis Dessilla

7-11-2008

Date

RFK:cmp
N:\SYS08\6309\Lit\01090005.doc

2

## Rein Krammer

| | |
|---|---|
| **From:** | Dessilla, Dennis [DDessilla@mlpusa.com] |
| **Sent:** | Friday, July 11, 2008 12:55 PM |
| **To:** | Rein Krammer |
| **Subject:** | FW: Attached Image |
| **Attachments:** | 0475_001.pdf |

Information you requested.

7/11/2008

# EXHIBIT "B"

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MAC FUNDING CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: |
| ASAP GRAPHICS, INC., and | ) | |
| AMES FRIEDMAN, | ) | |
| Defendants. | ) | |

**DECLARATION OF HIDEKAZU KOTEGAWA
IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION**

I, Hidekazu Kotegawa, declare under penalty of perjury as follows:

1.     I am the Credit Manager of MAC Funding Corporation ("MAC Funding"), which has its principal place of business located at 1500 Michael Drive, Wood Dale, Illinois 60191.

2.     In my capacity as Credit Manager, I am familiar with and responsible for all credit transactions involving the lease of machines by MAC Funding.

3.     I have reviewed the Complaint filed on behalf of MAC Funding in the above-captioned cause.

4.     The Lease and Security Agreement referenced and defined in the Complaint requires ASAP Graphics, Inc. ("ASAP") to make payment upon demand by MAC Funding. Demand for payment has been made on behalf of MAC Funding. However, ASAP has not made a payment in response to the demand.

5.    Pursuant to the terms of the Lease and Security Agreement, all sums due and to become due are immediately due upon default by ASAP along with other charges and attorneys' fees as provided in the Lease and Security Agreement.

6.    The books and records of MAC Funding, which are prepared and maintained in the normal course of MAC Funding's business, show that with regard to the Lease, ASAP was to make 84 monthly payments. However, ASAP has failed to make the required payments pursuant to the Lease and the Security Agreement.

7.    The books and records of MAC Funding show that by ASAP's failure to make principal and/or interest payments in accordance with the terms of the Lease and Security Agreement despite demands on behalf of MAC Funding, ASAP became in default under the terms of the Lease and Security Agreement.

8.    According to the books and records of MAC Funding, there is past due and owing from ASAP in connection with the subject Lease and Security Agreement the sum of $ 478,673.24 as of July 7, 2008, and after acceleration of the principal portion of the debt, the sum of $1,807,738.65 as of July 7, 2008.

9.    ASAP has not surrendered the Equipment or the ASAP Assets.

I declare under a penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Hidekazu Kotegawa

_July 10, 2008_
Date

RFK:cmp
N:\SYS08\6309\Lit\01090004.doc

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MAC FUNDING CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.: 08 CV 4179 |
| ASAP GRAPHICS, INC., and | ) |
| AMES FRIEDMAN, | ) Judge Der-Yeghiayan |
| Defendants. | ) Magistrate Judge Keys |

## CERTIFICATE OF SERVICE

I, Rein F. Krammer, do hereby state that I caused the foregoing
**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** to
be served upon ASAP GRAPHICS, INC., c/o John Wohlford, Registered Agent, 317
Farmington Drive, Plantation, Florida  33317 and AMES FRIEDMAN, 2022 S.W. 25th
Terr, Fort Lauderdale, Florida  33312, by placing copies of the same with Process
Services, Inc., 8330 West State Road 84, Fort Lauderdale, Florida 33324, on this 24th
day of July, 2008.


_/s/  Rein F. Krammer_____


MASUDA, FUNAI, EIFERT & MITCHELL, LTD.
203 North LaSalle Street, Suite 2500
Chicago, Illinois  60601
Phone: (312) 245-7500
N:\SYS23\6309\Profserv\01090002.doc