IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAC FUNDING CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 08 CV 4179 |
| v. ) | |
| ) | Judge Der-Yeghiayan |
| ASAP GRAPHICS, INC., and ) | |
| AMES FRIEDMAN, ) | Magistrate Judge Keys |
| Defendants. ) | |

**MOTION FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION**

Plaintiff, MAC FUNDING CORPORATION ("MAC Funding"), by and through its attorneys, MASUDA, FUNAI, EIFERT & MITCHELL, LTD., moves this court for entry of a temporary restraining order and preliminary injunction for the reasons set forth below:

1. On or about December 9, 2003, defendant ASAP GRAPHICS, INC. ("ASAP") entered into an equipment lease agreement with MAC Funding, for the lease of certain Mitsubishi equipment, including, but not limited to, one (1) Mitsubishi Diamond 3000S-6 Six (6) Color Sheetfed Printing Press, together with all auxiliary and accessory equipment (the "Lease"). A copy of the Lease is attached to the Complaint filed herewith as Group Exhibit "1" (the Equipment covered by the Lease is collectively referred to as the "Lease Equipment").

2. Furthermore, on or about December 9, 2003 and June 18, 2007, ASAP and MAC Funding entered into blanket Security Agreements (the "Security Agreements") whereby ASAP

granted to MAC Funding security interests in all of the assets of ASAP including, but not limited to, cash, accounts receivable, personal property, machinery, equipment, books and records, and instruments (collectively, the "ASAP Assets"). A copy of such Security Agreements are attached to the Complaint filed herewith as Group Exhibit "2."

3. ASAP has failed to make the required payments under the Lease and Security Agreements.

4. MAC Funding has made demand for the full payment of the delinquent balances on the Lease and Security Agreements.

5. Notwithstanding such demand, ASAP has made no further payments to MAC Funding under the Lease and Security Agreements.

6. Paragraph 16 of the Lease provides that ASAP shall be in default if it fails to pay when due any rent or other amount due under the Lease. Paragraph 3.1 of each of the Security Agreements provide that ASAP shall be in default under the Security Agreements if it fails to pay any indebtedness when due or fails to perform any duty or obligation required to be performed by ASAP under the Security Agreements or under the terms of any other agreement between MAC Funding and ASAP. As a result thereof, ASAP is in default under the Lease and Security Agreements.

7. Paragraph 17 of the Lease and Paragraph 3.3 of the Security Agreements each provide that, upon default by ASAP, MAC Funding may declare all sums due and to become due immediately due and payable.

8. Paragraph 18 of the Lease provides that in the event the Lease is deemed to be a security agreement or a lease in the nature of a security agreement, lessee grants to lessor and lessor retains a continuing purchase money security interest in the Lease Equipment.

9. ASAP has failed to meet its debts in the ordinary course of business by failing to pay MAC Funding the remaining balances due on the Lease and Security Agreements, and has failed to return the Lease Equipment pursuant to the Lease and the ASAP Assets pursuant to the Security Agreements.

10. Upon information and belief, defendant ASAP does not have the ability to pay for the amounts due and owing from it to MAC Funding, or to satisfy any money judgment, and Plaintiff has no adequate remedy at law.

11. Furthermore, the Lease Equipment and ASAP Assets are subject to depreciation and deterioration, thus rendering them less marketable and impairing the value of MAC Funding's interest in such equipment and assets.

12. The unauthorized possession and retention of the Lease Equipment and ASAP Assets by ASAP, and the depreciation in value of the Lease Equipment and ASAP Assets, are thus causing irreparable and continuing injury to MAC Funding.

13. As this is a commercial dispute involving two commercial enterprises, granting the preliminary injunctive relief requested herein will not disserve the public interest.

14. Any harm that may be suffered by defendant ASAP, should the injunctive relief requested by MAC Funding be granted, would, in light of ASAP's default under the Lease and Security Agreements and the depreciation in value of the Lease Equipment and ASAP Assets, be less than the harm Plaintiff will suffer if injunctive relief is not granted.

**WHEREFORE,** MAC FUNDING CORPORATION prays for a temporary restraining order and preliminary and permanent injunctions against ASAP GRAPHICS, INC. and AMES FRIEDMAN, as follows:

1. For temporary, preliminary and permanent injunctive relief immediately restraining and enjoining ASAP GRAPHICS, INC. and AMES FRIEDMAN and their respective agents, attorneys, servants, employees, and others acting in their stead or in concert with them from further: using, distributing, selling, concealing, dealing in, dissipating, depleting, depreciating, impairing, diminishing in value, destroying, harming, encumbering, transferring, disposing of or otherwise reducing the value of any and all of the Lease Equipment and/or ASAP Assets.

2. For temporary and permanent injunctive relief immediately restraining and enjoining ASAP GRAPHICS, INC. and AMES FRIEDMAN and their respective agents, attorneys, servants, employees, and others acting in their stead or in concert with them, from prohibiting or interfering with MAC FUNDING CORPORATION's entry upon ASAP GRAPHICS, INC.'s premises and MAC FUNDING CORPORATION repossessing the Lease Equipment and/or ASAP Assets.

3. For a mandatory injunctive order directing ASAP GRAPHICS, INC. and AMES FRIEDMAN to immediately assemble the Lease Equipment and ASAP Assets and make the same available for repossession to MAC FUNDING CORPORATION.

4. For an order of immediate possession, with full title and control of the Lease Equipment and ASAP Assets to be assigned to MAC FUNDING CORPORATION, and authorizing and directing any U.S. Marshall or other law enforcement official to enter the premises of ASAP GRAPHICS, INC. by any necessary means, and to allow MAC FUNDING CORPORATION to take physical possession of the Lease Equipment and ASAP Assets.

5. For an order of expedited discovery pending hearing on the motion for preliminary injunction.

6.     For any other relief this Court deems just and proper.

Dated: August 7, 2008

                                                                Respectfully submitted,

                                                                **MAC FUNDING CORPORATION**

                                                                By:   /s/ Rein F. Krammer
                                                                         One of Its Attorneys

Rein F. Krammer, Esq.
Masuda, Funai, Eifert & Mitchell, Ltd.
Attorneys for Plaintiff, MAC Funding Corporation
203 N. LaSalle Street, Suite 2500
Chicago, Illinois 60601-1262
(312) 245-7500
(312) 245-7467

RFK:cmp
N:\SYS08\6309\Lit\01090002 Rev1.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAC FUNDING CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No.: 08 CV 4179 |
| ASAP GRAPHICS, INC., and ) | |
| AMES FRIEDMAN, ) | Judge Der-Yeghiayan |
| Defendants. ) | Magistrate Judge Keys |

### CERTIFICATE OF SERVICE

I, Rein F. Krammer, do hereby state that I caused the foregoing **NOTICE OF MOTION** to be served upon ASAP GRAPHICS, INC., c/o John Wohlford, Registered Agent, 500 Southwest 21st Terrace, Suite B102, Fort Lauderdale, Florida 33312 and AMES FRIEDMAN, 2022 S.W. 25th Terrace, Fort Lauderdale, Florida 33312, by placing copies of the same with Process Services, Inc., 8330 West State Road 84, Fort Lauderdale, Florida 33324, on this 7th day of August, 2008.

/s/ Rein F. Krammer

MASUDA, FUNAI, EIFERT & MITCHELL, LTD.
203 North LaSalle Street, Suite 2500
Chicago, Illinois  60601
Phone: (312) 245-7500
N:\SYS23\6309\Profserv\01090001.doc