

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAC FUNDING CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No.: 08 CV 4179 |
| ASAP GRAPHICS, INC., and ) | |
| AMES FRIEDMAN, ) | Judge Der-Yeghiayan |
| ) | |
| Defendants. ) | Magistrate Judge Keys |

## ORDER

THIS CAUSE COMING to be heard upon (i) the Motion of Plaintiff MAC FUNDING CORPORATION ("MAC") for Temporary Restraining Order and for Injunctive Relief (the "TRO Motion"), notice of the TRO Motion having been provided prior to such hearing and (ii) MAC's oral Motion for Default Judgment (the "Default Motion") against the Defendant, AMES FRIEDMAN ("Friedman"), and Plaintiff having established by the declarations of Dennis Dessilla and Hidekazu Kotegawa that it is entitled to the relief sought in the TRO Motion and the Default Motion for the reasons set forth in such declarations.

ACCORDINGLY, THE COURT HEREBY FINDS:

1. On or about December 9, 2003, ASAP GRAPHICS, INC. ("ASAP") entered into an equipment lease agreement with MAC for the lease of one (1) Mitsubishi Diamond 3000S-6

Six (6) Color Sheetfed Printing Press, complete with all standard accessory equipment and all attachments, accessories, additions, improvements, and replacements thereto and therefor (collectively, the "Equipment"). A copy of such equipment lease agreement and the modifications thereto, is attached to the Complaint filed in this matter as Group Exhibit "1" (the "Subject Lease").

2. Furthermore, on or about December 9, 2003 and June 18, 2007, ASAP and MAC entered into blanket security agreements whereby ASAP granted to MAC security interests in all of the assets of ASAP including, but not limited to, cash, accounts, personal property, machinery, equipment, contracts, books and records, and instruments (collectively, the "ASAP Assets"). A copy of such blanket Security Agreements are attached to the Complaint (the "Security Agreements") filed in this matter as Group Exhibit "2."

3. ASAP has failed to make the required payments under the Subject Lease and Security Agreements.

4. Demand has been made by MAC for the full payment of the delinquent balance due under the Subject Lease and Security Agreements.

5. Notwithstanding such demand, no further payment has been made by or on behalf of ASAP to MAC.

6. Paragraph 16 of the Subject Lease and 3.1 of each of the Security Agreements provides that ASAP shall be in default when it fails to pay when due any rent or other amount due under the Subject Lease and Security Agreements.

7. Paragraph 17 of the Subject Lease provides that upon lessee's default, lessor will have the right to, inter alia, require lessee to promptly redeliver the Equipment to lessor and/or repossess the Equipment without notice, legal process, prejudicial hearing or liability for trespassing or other damage.

8. The Equipment covered by the Subject Lease and the ASAP Assets covered by the Security Agreements in the possession of ASAP are subject to depreciation and deterioration, thus rendering them less marketable and impairing the value of MAC's interest in such Equipment and ASAP Assets.

9. ASAP has failed to pay its debts within the ordinary course of business by failing to pay MAC the remaining balances due on the Subject Lease and Security Agreements.

10. The continued possession and retention, as well as the depreciation in value, of the Equipment and ASAP Assets are thus causing irreparable and continuing injury to MAC.

11. As this is a commercial dispute involving two commercial enterprises, the public interest will not be disserved by granting the preliminary injunctive relief requested herein.

12. Any harm which may be suffered by defendant ASAP should the injunctive relief requested by MAC be granted, would, in light of ASAP's default under the Subject Lease and Security Agreements, the depreciation in value of MAC's Equipment and the ASAP Assets, be less than the harm Plaintiff will suffer if injunctive relief is not granted.

13. On or about July 25, 2008, Friedman was served with a Summons and Complaint in this matter. ASAP has failed to appear or answer in the time required by law, and is therefore in default.

WHEREFORE, IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

1. This Court has jurisdiction of the parties and the subject matter hereof.

2. ASAP GRAPHICS, INC., AMES FRIEDMAN, and their respective agents, attorneys, servants, employees, and others acting in their stead or in concert with them are hereby temporarily restrained and enjoined from further:

i.) distributing, selling, concealing, dealing in, dissipating, depleting, moving, depreciating, impairing, destroying, harming, encumbering, transferring, disposing of or otherwise damaging the value of the Equipment (i.e., the Mitsubishi brand printing press) in the possession of ASAP; and

ii.) except in the normal course of ASAP's business (provided, however no such normal business activity shall be permitted if its affect would or could be to avoid

in whole or in part ASAP's and/or Friedman's obligations to MAC under the Subject Lease, the Security Agreements, and/or any judgment entered herein or during the course of this proceeding), using, distributing, selling, concealing, dealing in, designating, depleting, moving, depreciating, impairing, destroying, harming, encumbering, transferring, disposing of or otherwise damaging the value of the ASAP Assets (exclusive of the Equipment which is controlled by 2.i.) above) whether now existing and/or owned and/or hereafter arising and/or acquired including, but not limited to, (a) all accounts, accounts receivable, contract rights, instruments, documents, chattel paper, intangibles (including, but not limited to causes of action, general intangibles and payment intangibles, tax refunds and insurance proceeds) and other obligations or indebtedness owed to Debtor from whatever source arising; all rights of Debtor to receive any payments in money or kind; all guaranties of the foregoing and security therefor; all of the right, title and interest of Debtor in and with respect to the goods, software, services, or other property that give rise to or that secure any of the foregoing and insurance policies and proceeds relating thereto, and all rights of Debtor as an unpaid seller, lessor, licensor or other provider of goods, software and services, including, but not limited to, the rights of stoppage in transit, replevin, reclamation, and resale; and all of the foregoing, whether now owned or existing or hereafter created or acquired; (b) all goods, software, merchandise, and other personal property now owned or hereafter acquired by Debtor that are held for sale, lease, rental or license, or are furnished or to be furnished under any contract of service or are raw materials, work-in-process, finished goods, supplies or

materials used or consumed in Debtor's business, and all products thereof, and all substitutions, replacements, additions, or accessions thereto; (c) all machinery, equipment, furniture, vehicles and fixtures, now owned or hereafter acquired by Debtor and used or acquired for use in Debtor's business, together with all accessions thereto and all substitutions and replacements thereof and parts therefor and additions thereto; (d) all cash and non-cash proceeds (as defined in the Uniform Commercial Code in effect from time to time) of any of the foregoing, including insurance proceeds; (e) all ledger sheets, files, records, documents, and instruments (including, but not limited to, computer programs, tapes and related electronic data processing software) evidencing an interest in or relating to the above; and (f) all instruments, documents, securities, monies, reserves, cash and cash equivalents and other like property, and the proceeds of any of the foregoing, owned by Debtor or in which Debtor has an interest, which now or hereafter are at any time in the possession or control of Secured Party or in transit by mail or carrier to or in the possession of any third party acting on behalf of Secured Party, without regard to whether Secured Party received said in pledge, for safekeeping, as agent for collection or transmission or otherwise or accounts of Debtor with Secured Party against which Secured Party may exercise its right of set-off,

for ten (10) business days from the entry of this Order through and including, September 4, 2008.

3.  Judgment as to Count III is hereby entered in favor of MAC FUNDING CORPORATION and against Defendant AMES FRIEDMAN. A damage prove-up hearing on the said default judgment entered hereby against AMES FRIEDMAN shall be subsequently set by this Court.

4.  No bond shall be required of Plaintiff.

Judge _Samuel Der-Yeghiayan_

Dated: _August 21, 2008_

Rein F. Krammer, Esq.
Masuda, Funai, Eifert & Mitchell, Ltd.
Attorneys for Plaintiff, MAC Funding Corporation
203 N. LaSalle Street, Suite 2500
Chicago, Illinois 60601-1262
(312) 245-7500
(312) 245-7467

RFK:cmp
N:\SYS08\6309\Lit\01090006.doc